UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JANE DOE 134, by and through her guardian, Mother Doe 134, | Case No. 10-CV-3143 (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| GERALD DERSTINE; GOSPEL CRUSADES, INC.; and GOSPEL CRUSADE MINISTERIAL FELLOWSHIP, | |
| Defendants. | |

---

Jeffrey R. Anderson, Patrick W. Noaker, Sarah G. Odegaard, JEFF ANDERSON & ASSOCIATES, PA, for plaintiff.

Britton D. Weimer, Eric D. Satre, JONES SATRE & WEIMER PLLC, for defendants Gerald Derstine and Gospel Crusades, Inc.

Deborah C. Eckland, Alan P. King, GOETZ & ECKLAND P.A., for defendant Gospel Crusade Ministerial Fellowship.

This matter is before the Court on the motion of plaintiff Jane Doe 134 ("Doe") for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). Defendants oppose the motion because, they argue, Doe has not presented a proper explanation for her desire to dismiss, dismissal would result in a waste of judicial time and effort, and dismissal would prejudice defendants. *See Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (identifying factors relevant in resolving Rule 41(a)(2) motions to dismiss). The Court disagrees.

Doe seeks to dismiss this lawsuit without prejudice because she wants to join a non-diverse defendant. Defendants contend that Doe's mother knew of the existence of this non-diverse defendant before this lawsuit was filed, and that therefore Doe should be forced to live with the consequences of her decision to file in federal court. The Court doubts that Doe's

mother — who, as far as the record reflects, has no legal training — appreciated the legal consequences of the existence of a separate, non-diverse corporate defendant. Moreover, there appears to be no strategic reason for Doe to have omitted that defendant from her initial complaint. Instead, the omission appears to be a good-faith mistake. Doe's desire to litigate against all defendants in a single forum is thus a valid reason for her to seek dismissal without prejudice. The Court also rejects defendants' suggestion that Doe is attempting to seek a more favorable forum. Doe has done fairly well in this forum thus far, and there is no reason to believe that she will do better in state court.

Defendants next argue that dismissal would be a waste of judicial resources because the parties have already engaged in discovery, and there has been extensive motion practice. But the parties will be able to use in state court all of the discovery that they have taken so far in federal court. As for the "extensive motion practice," that has consisted of (1) a motion for summary judgment that was so obviously premature that the Court took the unusual step of denying it without a hearing and (2) the parties' motion practice concerning the addition of the non-diverse defendant. It is true that the motion practice concerning the addition of the non-diverse defendant was essentially a waste of time. But at this point the only question is whether the parties will litigate all of Doe's claims together in state court or, instead, will litigate some of Doe's claims in this Court and some in state court. Under either option, the motion practice concerning the addition of the non-diverse defendant will remain a waste of time.

Finally, defendants claim that they would suffer significant financial prejudice if this action were dismissed so that Doe can re-file in state court. While the Court does not doubt that this litigation is proving to be a financial hardship for defendants, that hardship is almost entirely

attributable to the *existence* of this lawsuit, and not to the *forum* in which this lawsuit will be litigated.  Indeed, forcing Doe to litigate her claims in both federal and state court would force *defendants* to litigate those same claims in both federal and state court.[1]  Defendants fail to explain how litigating one action in two courts would cost them less than litigating one action in one court.

Of course, defendants understandably want this case resolved as quickly as possible, but the Court does not believe that permitting Doe to re-file in state court will cause any significant delay.  Despite defendants' protestations to the contrary, this case is still in its relatively early stages.  Discovery is ongoing, dispositive motions are not due until next year, and the motion practice that has taken place thus far has done little to substantively advance the lawsuit or the Court's understanding of its merits.  In short, this case is nowhere near ready for trial, and requiring Doe to litigate simultaneously in two courts will do nothing to hasten the conclusion of this legal dispute.  The Court will therefore grant Doe's motion to dismiss.

Finally, defendants ask that, if the Court is inclined to grant Doe's motion, the Court also award defendants the fees and costs that they have incurred in defending the lawsuit thus far.  The Court declines to do so.  As noted, this case is still in its early stages, and much of the work that the parties have done is work that the parties would have done even if Doe had originally filed suit in state court.  It is true that the parties' motion practice concerning the addition of the

---

[1] Defendants also claim that, if Doe re-files this action in Florida state court (as she has indicated she intends to do), the action will almost certainly be transferred to Minnesota under the doctrine of *forum non conveniens*.  That may be a reason for Doe to reconsider her choice of forum (an issue about which the Court expresses no opinion), but it does not change the fact that Doe is unable to litigate all of her claims in this Court and that denial of her motion will therefore inevitably create the need for two parallel actions, with all the extra expense and duplication of effort that that would entail.

non-diverse defendant was largely a waste of time, but this was in part because *all* parties failed to recognize, much less to brief, "the critical question of whether [the non-diverse party] is both a necessary and indispensable party."  Docket No. 83 at 2.  Moreover, defendants' overly aggressive litigation strategy — for example, their bringing a summary-judgment motion that had no chance of succeeding — leads the Court to believe that both sides bear some fault for unnecessary motion practice.  The Court therefore will not award fees or costs to defendants.  *See Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984) ("The time and effort invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in deciding whether to allow a dismissal without prejudice, *and, if so, on what conditions*." (emphasis added)).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to dismiss [Docket No. 84] is GRANTED.

2. This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June  1 , 2011                                    s/Patrick J. Schiltz
                                                         Patrick J. Schiltz
                                                         United States District Judge